139 F.3d 907
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Igor Nikolaevich SAPELNIK; Marina Sapelnik, a/k/a Marina
Syrkina, Petitioners,
v.
Immigration and Naturalization Service, Respondent.
 No. 97-70671.
INS Nos. Awt-koh-jai Atp-bah-rsa.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998**.
Decided Feb. 23, 1998.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Igor and Marina Sapelnik, husband and wife[1], natives and citizens of Russia, petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal from an immigration judge's ("IJ") decision denying their applications for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) & 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a).[2] We review the BIA's denial of asylum for substantial evidence, and will uphold the decision unless the evidence compels a contrary result. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). We deny the petition.
 
 
 3
 Sapelnik contends that the BIA erred by making a conclusory review of his claims. Although the BIA's order is brief, the agency provided a sufficient explanation for its decision to permit proper appellate review. See Castro-O'Ryan v. INS, 847 F.2d 1307, 1314 (9th Cir.1988).
 
 
 4
 Sapelnik contends that the BIA erred by rejecting his contention that the IJ impermissibly allowed the hearing to go forward when the interpreter was present only by telephone. Because Sapelnik failed to show how a better translation would have affected the outcome of the hearing, see Acewicz, 984 F.2d at 1063, the BIA did not err by rejecting this argument.
 
 
 5
 Sapelnik contends that the BIA erred by concluding that Sapelnik failed to demonstrate persecution "on account of" imputed political opinion. In order to demonstrate persecution on account of imputed political opinion, Sapelnik must show both that his persecutors actually imputed a political opinion to him, and that his persecutors then acted on the basis of that imputed opinion. See Sangha v. INS, 103 F.3d 1482, 1487 (9th Cir.1997). Because the record does not compel the conclusion that Sapelnik was persecuted "on account of" political opinions imputed to him, the BIA did not err by denying his application for asylum. See Acewicz, 984 F.2d at 1061.
 
 
 6
 Sapelnik's contention that he is eligible for withholding of deportation fails because he cannot meet the higher standard of clear probability of future persecution necessary for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Sapelnik's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because Marina Sapelnik's application is derivative of her husband's, we will address only Igor Sapelnik's application
 
 
 [2]
 The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repeals 8 U.S.C. § 1105a and replaces it with a new judicial review provision to be codified at 8 U.S.C. § 1252. See IIRIRA § 306(c)(1), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, we continue to have jurisdiction over the instant petition under 8 U.S.C. § 1105a. See IIRIRA § 309(c)(1)